IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY LEE CARTER, 1083973, )  | |
|     Petitioner, ) | |
| v. ) | No. 3:05-CV-516-N |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     NATURE OF THE CASE**

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). Respondent Nathaniel Quarterman is Director of the TDCJ-CID.

**II.    PROCEDURAL BACKGROUND**

Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen. *The State of Texas v. Bobby Lee Carter*, No. F-0072135-NKQ (204th Dist. Ct., Dallas County, Tex., Feb. 6, 2002). Petitioner was sentenced to fifty-five years imprisonment. On October 30, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Carter v. State*, No.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

05-02-00257-CR (Tex. App. – Dallas, Oct. 30, 2002) (unpublished). On April 16, 2003, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Carter v. State*, PDR No. 2043-02.

On April 12, 2004, Petitioner filed a state application for writ of habeas corpus. *Ex parte Carter*, Application No. 60,892-01. On May 11, 2005, the Court of Criminal Appeals denied the application.

On February 12, 2005, Petitioner filed this federal petition. He argues:

(1) the evidence was legally and factually insufficient to support the conviction;

(2) the victim's outcry was not made within a one-year period; and

(3) he received ineffective assistance of counsel because his counsel:

    (a)    failed to investigate or call expert witnesses;

    (b)    failed to cross-examine the complainant;

    (c)    failed to protect Petitioner's rights at trial;

    (d)    failed to put the state's case to an adverse test; and

    (e)    failed to protect Petitioner's rights on direct appeal.

On June 28, 2005, Respondent filed his answer. On August 25, 2005, Petitioner filed a traverse. The Court finds the petition should be denied.

## III.    FACTUAL BACKGROUND

The Fifth District Court of Appeals recited the following factual background in its opinion on direct appeal:

> M.M testified appellant was her "goddaddy" and that he would do "things" to her while his wife was working nights as a security guard. M.M. testified that it was common for her and her sister to spend the night at appellant's house. While M.M. was

asleep, appellant would pick her up, carry her to his bedroom, and place her on his bed. Once there, appellant would pull M.M.'s sleep shorts down and touch her "private" with his "private." M.M. said the "touches" felt like they were "inside" and they hurt. M.M. eventually told her boyfriend Nathan about the "touches," then told her sister N.M. and then the police. M.M. was afraid to tell her mother because she was afraid of "everybody being mad at [her]." M.M., who was fifteen years old at the time of trial, testified the "touches" started when she was ten years old and continued until just after she turned twelve.

A.M., M.M.'s younger sister, testified she and M.M. spent a great deal of time at appellant's house. When she and M.M. spent the night at appellant's house, they would share a bed. Sometimes when she woke up in the morning, M.M. was not in the bed. On these occasions, A.M. would look for M.M., but would not be able to find her. However, she would find appellant's bedroom door locked. On one such occasion, A.M. did see M.M. walk out of appellant's bedroom in the morning after spending the night. A.M. did not think much about these events until M.M. told her what was going on inside appellant's bedroom. A.M. told her mother what M.M. had told her.

M. Brown, A.M. and M.M.'s mother, testified that appellant had been a close friend of the family. During the winter and spring of 1999, A.M. and M.M. were at appellant's house "practically ever weekend" and on holidays. In the fall of 2000, Brown told A.M. and M.M. that she was taking them to the doctor before school started. Later that night, M.M. told Brown that appellant would take her to his room at night and "have sex" with her. Brown immediately called the police. Brown did not have M.M. examined for evidence of appellant's actions because M.M. did not "want no man touching her."

*Carter v. State of Texas*, No. 05-02-00257-CR (Tex. App. – Dallas, Oct. 30, 2002) at 2-3.

## IV.   DISCUSSION

### A.   Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254, provide:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

 This amendment applies to all federal habeas corpus petitions which were filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2049, 138 L. Ed. 2d 481 (1997). The petition in this case is subject to review under the AEDPA.

### B. Insufficiency of the Evidence

Petitioner claims the evidence was legally and factually insufficient to support his conviction for aggravated sexual assault.[1] He states there was no medical evidence and no

---

[1] Respondent correctly notes that factual insufficiency of the evidence does not provide an independent basis for federal habeas relief. "Factual insufficiency" is a creation of Texas law whereby the reviewing court scrutinizes the factfinder's weighing of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). The relevant inquiry in a federal habeas proceeding, however, is whether "[a] rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990), (quoting *Jackson v.*

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 4**

expert testimony regarding the sexual assault. Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Under Texas law, a person commits aggravated sexual assault of a child under the age of fourteen if the victim is younger than fourteen years of age and the person intentionally or knowingly:

> (I) causes the penetration of the anus or sexual organ of a child by any means; [or]
>
> . . . .
>
> (ii) causes the sexual organ of a child to contact or penetrate the mouth, anus or sexual organ of another person, including the actor;
>
> . . . .

TEX. PENAL CODE § 22.01 and § 22.011(c).

In this case, the complainant testified that Petitioner touched her "private" with his "private," that she felt the touching "inside" of her, and that the touching hurt. (Trial Tr. Vol. 3 at 22-25). Using drawings of a boy and girl, the complainant identified the crotch area of the girl

---

*Virginia*, 443 U.S. 307, 324 (1979)). This standard of review controls even if state law would impose a more demanding standard of proof. *Schrader*, 904 F.2d at 284; *see also Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

drawing as her "private" and the genitals of the boy drawing as Petitioner's "private." (*Id*. at 23-24). The complainant also testified that she was fifteen years old at the time of trial, and that the offenses started when she was ten years old and continued until she was around twelve years old. (*Id*. at 13, 28).

The complainant's mother testified that the complaining witness was crying and shaking when she told her that Petitioner would "have sex" with her. (*Id*. at 47-48). The complainant's sister testified that when she and the complainant would spend the night at Petitioner's house, she would often awake in the morning and the complainant would not be in her bed. Once she saw the complainant emerge from Petitioner's locked bedroom in the morning. (*Id*. at 37-39).

Viewing this evidence in the light most favorable to the verdict, the Court finds that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner committed aggravated sexual assault of a child under the age of fourteen. The state appellate court found that "any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Carter v. State of Texas*, No. 05-02-00257-CR (Tex. App. – Dallas, Oct. 30, 2002) at 5. The state court's decision is neither contrary to clearly established federal law, nor unreasonable in light of the evidence presented. This ground for relief should be denied.

### C. Outcry Testimony

Petitioner argues that the complainant's outcry statements were not admissible under Texas Rule of Criminal Procedure 38.07 because she made the outcry over one year after the incidents occurred. Section 38.07 states that a conviction for aggravated sexual assault:

> is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

Section 38.07 also states, however, that:

> (b) the requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person:
>
> (1) 17 years of age or younger;
> . . . .

TEX. R. CRIM. PROC. § 38.07. The complainant in this case was under the age of 17. Petitioner's claim of a violation of § 38.07 is without merit.

### D. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

1.   Failure to investigate or call expert witnesses

Petitioner states his counsel failed to call a medical expert and a child psychologist to testify for the defense. Petitioner submits no affidavit or other evidence that a medical expert or child psychologist would have testified favorably for the defense. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986).

Petitioner also argues his counsel failed to investigate and discover that Petitioner was incarcerated during the time of the sexual assaults. Petitioner has submitted no evidence of his incarceration at time of the incidents. His conclusory allegations fail to raise a colorable basis for habeas corpus relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner's claims should be denied.

2.   Failure to cross-examine the complaining witness

Petitioner claims his counsel was ineffective for failing to cross-examine the complaining witness. The record shows, however, that Petitioner's counsel did in fact cross-examine the complaining witness. (*See* Trial Tr. Vol.3 at 31-33). Petitioner's claim should be denied.

3.   Failure to protect Petitioner's rights

Petitioner states his counsel failed to protect his rights at trial and failed to put the state's case to "adverse test." Petitioner does not explain these claims in his petition. In his traverse, Petitioner states his counsel failed to object to the complainant's outcry testimony, and did not call important fact witnesses. As discussed above, the outcry evidence was not inadmissible because the complainant failed to make the outcry within one year of the incidents. Petitioner

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

states no other basis for excluding this evidence.  Petitioner also fails to state who his counsel should have called as a witness, and he has failed to show that the witness would have testified favorably to the defense.  Petitioner's conclusory allegations fail to raise a colorable basis for habeas corpus relief.  *See Ross*, 694 F.2d at 1012.

    4.    <u>Appellate Counsel</u>

Petitioner argues his appellate counsel was ineffective because she did not file a brief arguing actual innocence and she failed to protect his rights on direct appeal.  Respondent argues this claim is procedurally barred.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review.  *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, Petitioner failed to raise this claim in either a petition for discretionary review or a state application for writ of habeas corpus.  When a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722 n.1 (1991).  The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred.  *Id*.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 9**

Petitioner has not presented this claim to the Texas Court of Criminal Appeals. If this Court required him to do so, the claims would be subject to dismissal under the Texas abuse-of-the-writ doctrine. Tex. Code Crim. Pro. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law . . . ." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id.* at 524. Petitioner has shown no cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 10**

presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**E.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 17th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 11**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 12**